IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,974-02






EX PARTE RICHARD HINOJOSA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 1995-CR-4325

FROM THE 227TH DISTRICT COURT OF BEXAR COUNTY




 

 Johnson, J., filed a dissenting statement.


D I S S E N T I N G S T A T E M E N T


 We still have not answered the questions about what legal procedures are appropriate for
challenging the execution protocol.

 Are the provisions of Article 11.071 the proper vehicle to challenge the
constitutionality of the execution protocol used in conducting an execution in Texas? 
If not, what is the proper vehicle?


 What is the proper legal method for presenting facts regarding and challenging the
execution protocol used in conducting an execution in Texas?

 The issue of the proper legal procedure for challenges to execution protocols must be
addressed at some point. We recently said, albeit in an unpublished opinion, that a challenge is not
ripe until the execution is "imminent." Doyle v. State, No. 74, 960 (Tex. Crim. App., delivered May
10, 2006). "Imminent" means "likely to occur at any moment; impending." Webster's Encyclopedic
Unabridged Dictionary of the English Language (Gramercy Books 1989). The concurrence says that
the challenge is ripe once a death date is set, although the Court has not said that. Death dates are
set months in the future and so are not "imminent" when set. If both positions are taken as
authoritative, both the applicant and the Court are caught in a Catch-22; the challenge cannot be
raised or heard until it is "imminent," yet it must be raised and heard as soon as the death date is set. 
Thus these important issues can never be reviewed.

 Accepting arguendo that the current mixture of drugs does not violate constitutional
protections, the issue must still be addressed. We cannot say that the protocol will never change. 
A different protocol may indeed violate constitutional guarantees. We will be then faced with the
same legal issues we face today; they will still be unresolved and unresolvable because such
challenges will always be both unripe and over-ripe, and the question of the proper vehicle for
bringing such challenges will still be undecided.

 I respectfully dissent to the Court's failure to address these issues.


Filed: August 11, 2006

Do not publish